**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elias RIVERA–ALVAREZ,**
**Defendant–Appellant.**

**No. 06–40278**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Elias Rivera–Alvarez appeals from his guilty plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Rivera–Alvarez argues that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Rivera–Alvarez's argument is unavailing in light of circuit prece-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dent. *See United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Rivera–Alvarez argues that this circuit's precedent is inconsistent with *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez, Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999). Rivera–Alvarez requests that this case be held pending a decision in *United States v. Toledo–Flores,* 149 Fed.Appx. 241 (5th Cir.2005), *cert. granted,* — U.S. ——, 126 S.Ct. 1652, 164 L.Ed.2d 395 (2006). The grant of certiorari does not alter the authority of this court's decisions; thus, this court continues to follow its precedent even when the Supreme Court grants certiorari on an issue. *See Wicker v. McCotter,* 798 F.2d 155, 157–58 (5th Cir.1986). Rivera–Alvarez's argument is without merit.

Rivera–Alvarez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rivera–Alvarez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rivera–Alvarez properly concedes that his argument is foreclosed by *Almendarez–Torres* and circuit precedent, but he raises it here solely to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.